UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHARON PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV153LMB |
| | ) | |
| PATRIOT MANUFACTURING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court upon plaintiff's seven-count First Amended Complaint. Plaintiff alleges employment discrimination based upon sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; breach of contract; civil conspiracy; tortious interference with contract; and intentional infliction of emotional distress. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636(c).

Several motions are currently pending before the court. Defendant has filed a Motion to Strike (Document Number 5), Motion to Dismiss Count IV of Plaintiff's First Amended Complaint or in the Alternative, Motion for Summary Judgment on Count IV of Plaintiff's First Amended Complaint (Doc. No. 8), and a Motion to Dismiss Counts V, VI, and VII (Doc. No. 10). Plaintiff has not filed a Response to defendant's motions, but has instead filed a Notice of Voluntary Dismissal of Counts IV, V, VI and VII. (Doc. No. 25). Defendant has filed a Response requesting that the court dismiss Counts IV, V, VI, and VII with prejudice. (Doc. No. 26).

**Background**

Plaintiff states that defendant hired her as a sales representative in January 1998. Plaintiff alleges that she was a qualified individual with a disability within the meaning of the ADA. Plaintiff states that throughout her employment, she experienced problems with her heart, which caused her to be hospitalized. Plaintiff alleges that defendant continuously and repeatedly subjected plaintiff to sex discrimination by the acts of its employees, which created a hostile and offensive work environment. Plaintiff claims that defendant also discriminated against her because she had a disability, for which she was not reasonably accommodated by defendant and for which she was terminated from her employment. Plaintiff further claims that defendant discriminated against her because she was a fifty-eight year-old woman and defendant sought to replace plaintiff with a younger man.

**Discussion**

As stated above, several motions are pending before the court. The undersigned will address each motion in turn, beginning with defendant's motions to dismiss.

**I.     Defendant's Motions to Dismiss**

Defendant has filed two motions to dismiss in this matter. In passing on a motion to dismiss, a court should dismiss a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957). See County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997). Thus, a motion to dismiss is likely to be granted when "'a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Ring v. First Interstate Mortg., Inc., 984 F.2d 924, 926 (8th Cir. 1993) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

### A. Motion to Dismiss Count IV

In defendant's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint or in the Alternative, Motion for Summary Judgment on Count IV of Plaintiff's First Amended Complaint, defendant states that plaintiff's Count IV, plaintiff's breach of employment contract claim, fails to state a claim upon which relief may be granted because plaintiff did not have a contract for employment with defendant. Defendant claims that in the absence of a contract, employment is at-will and an employee may be discharged at any time without cause. Defendant states that plaintiff signed an acknowledgment indicating that she understood that she did not have an employment contract with defendant and that plaintiff's employment could be terminated by either party for any reason. See Def's Ex. C. Defendant further states that its employee handbook provides that employment is on an at-will basis and that the handbook does not constitute an employment contract. See Def's Ex. E. In addition, defendant states that plaintiff signed an Employee Handbook Distribution Form, which indicated that the employee handbook was not an employment contract. See Def's Ex. D. Defendant thus requests that plaintiff's Count IV for breach of contract be dismissed or in the alternative, that Summary Judgment be granted on such claim. Plaintiff has not filed a Response to defendant's motion, but has filed a Notice of Voluntary Dismissal of Counts IV, V, VI, and VII.

"Under Missouri's employment at will doctrine an employer can discharge-for cause or without cause-an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision and still not be subject to liability for wrongful discharge." Dake v. Tuell, 687 S.W.2d 191, 193 (Mo. banc 1985). To state a claim for wrongful discharge, an at-will employee must plead "'the essential elements of a valid contract, and a discharge in violation thereof.'" Id. (quoting Maddock v. Lewis, 386 S.W.2d 406, 409 (Mo. 1965), cert denied, 381

U.S. 929, 85S.Ct. 1569, 14 L.Ed.2d 688 (1965)). The unilateral act of an employer publishing a handbook does not constitute a contractual offer to its employees. See Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. banc 1988).

Here, plaintiff alleges that her position was "held under an implied promise of job security and in accordance with Defendant's employee handbook, all of which constituted a contract of employment." First Amended Complaint at ¶ 41. The undersigned finds that plaintiff's claim fails as a matter of law. An employee handbook does not constitute an employment contract. See Johnson, 745 S.W.2d at 662. Plaintiff has failed to plead any of the elements of a contract. As such, plaintiff is unable to support the breach of contract claim asserted in Ground IV. Thus, defendant's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint will be granted.

### B. Motion to Dismiss Counts V, VI, and VII

In its Motion to Dismiss Counts V, VI, and VII, defendant argues that plaintiff's Counts V and VI fail to state a claim upon which relief may be granted and Count VII is preempted by workers' compensation exclusivity. The undersigned will address each count separately.

#### 1. Count V

In Count V of plaintiff's First Amended Complaint, plaintiff alleges that "Defendant's and its agents' and employees' unlawful conduct in the treatment of Plaintiff and in her wrongful termination was the result of their mutual decision and objective to continue a practice of sex, disability and age discrimination." First Amended Complaint, ¶ 47. Defendant contends that Count V fails to state a claim upon which relief may be granted because a claim of conspiracy must involve two or more persons and a parent corporation and its subsidiary cannot conspire.

A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful. Fischer v. Brancato, 147

S.W.3d 794, 798 (Mo. Ct. App. 2004). Two subsidiaries of the same parent corporation cannot conspire. Davidson & Schaaff, Inc. v. Liberty Nat. Fire Ins. Co., 69 F.3d 868, 871 (8th Cir. 1986). Similarly, a parent corporation and its subsidiary cannot conspire. Pink Supply Corp. v. Hiebert, Inc., 788 F.2d 1313, 1316 (8th Cir. 1986). In addition, a corporation cannot conspire with its own officers and employees. See id.

Plaintiff alleges that Defendant and its agents and employees conspired to terminate plaintiff. Plaintiff collectively refers to Patriot and its subsidiary, Heritage American Homes, L.P., as "Defendant." See First Amended Complaint at ¶ 2. Plaintiff's claim fails, as Patriot cannot conspire with its subsidiary or its own employees. Thus, Count V of plaintiff's First Amended Complaint will be dismissed.

**2.     Count VI**

In Count VI of its First Amended Complaint, plaintiff alleges that she had a "valid business relation or expectance with Defendant by way of Defendant, its agents and employees hiring her, training her and interacting with her throughout her employment." First Amended Complaint at ¶ 51. Plaintiff contends that defendant and its agents and employees intentionally interfered with plaintiff's business relationship and expectancy of employment. Defendant argues in its Motion to Dismiss that Count VI fails to state a claim upon which relief may be granted because a tortious interference claim may only be brought against a third party to the alleged business expectancy or contract.

Tortious interference with a business relationship requires proof of: (1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages. Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. banc 1996). "An action for tortious

interference with a business expectancy will lie against only a third party." Century Mgmt., Inc. v. Spring, 905 S.W.2d 109, 114 (Mo. Ct. App. 1995).

Here, plaintiff alleges that defendant, with which she had the business expectancy, interfered with that business expectancy. As such, plaintiff's tortious interference with contract claim fails. Thus, Count VI of plaintiff's First Amended Complaint will be dismissed.

### 3. Count VII

In Count VII, titled "Intentional Infliction of Emotional Distress," plaintiff alleges that defendant intentionally inflicted emotional distress upon her by discriminating against her and by conspiring to terminate her. Defendant argues that plaintiff's claim for intentional infliction of emotional distress is preempted by workers' compensation exclusivity.

The Missouri Workers' Compensation Law provides the exclusive remedy for emotional distress inflicted during the course of employment. Waldermeyer v. ITT Consumer Fin. Corp., 767 F. Supp. 989, 993 (E.D. Mo. 1991). The exclusivity provision of the Missouri Workers' Compensation Law provides as follows:

> [t]he rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee...at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

Mo. Rev. Stat. § 287.120.2. The Workers' Compensation Act bars a suit by a plaintiff against her employer for intentional infliction of emotional distress. Hardebeck v. Warner-Jenkinson Co., Inc., 108 F. Supp.2d 1062, 1065 (E.D. Mo. 2000); Nichols v. American Nat. Ins. Co., 945 F. Supp. 1242, 1247-48 (E.D. Mo. 1996).

In this case, plaintiff asserts an independent claim against her former employer for intentional infliction of emotional distress allegedly occurring during the course of her employment.

As such, plaintiff's claim is barred by the Missouri Workers' Compensation Act. Thus, Count VII of plaintiff's First Amended Complaint will be dismissed.

## II.     Defendant's Motion to Strike

Defendant has also filed a Motion to Strike. In this motion, defendant requests that the court strike plaintiff's demand for punitive and emotional distress damages with regard to Count III and Count IV pursuant to Federal Rule of Civil Procedure 12(f). Defendant's request with regard to Count IV is moot, as the undersigned will dismiss this claim. Plaintiff has not filed a response to defendant's motion.

Federal Rule of Civil Procedure 12(f) provides as follows: "[t]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a party's pleadings is an extreme measure and motions to strike under Rule 12(f) are "viewed with disfavor and are infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).

In this case, defendant argues that punitive and emotional distress damages are not recoverable under the ADEA and plaintiff's demands for such should be stricken. "Punitive damages as such are not recoverable under the ADEA." Williams v. Valentec Kisco, Inc., 964 F.2d 723, 729 (8th Cir. 1992). Similarly, "pain and suffering is not recoverable in ADEA actions." Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806, 809 (8th Cir. 1982). Thus, the undersigned will strike plaintiff's demand for punitive and emotional distress damages with respect to Count III.

## III.    Plaintiff's Notice of Voluntary Dismissal of Counts IV, V, VI and VII

Plaintiff has filed a Notice of Voluntary Dismissal of Counts IV, V, VI, and VII, stating that she is voluntarily dismissing these claims without prejudice. Defendant has filed a Response,

in which defendant requests that the court dismiss Counts IV, V, VI, and VII with prejudice because defendant did not consent to dismissal without prejudice and defendant has filed an Answer and motions to dismiss.

Federal Rule of Civil Procedure 41(a)(1) provides as follows in relevant part:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice...

In this case, defendant had already filed an Answer and motions to dismiss at the time plaintiff filed her Notice of Voluntary Dismissal. Defendant has not consented to the dismissal of plaintiff's claims without prejudice by filing a joint stipulation of dismissal. As such, pursuant to Rule 41(a)(1), plaintiff's claims may only be dismissed by order of court. The undersigned found that defendant's motions to dismiss Counts IV, V, VI, and VII are well taken and should be sustained. Thus, Counts IV, V, VI, and VII of plaintiff's First Amended Complaint will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint (Doc. No. 8) be and it is **granted**.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss Counts V, VI, and VII be and it is **granted**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Counts IV, V, VI, and VII of plaintiff's First Amended Complaint are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike (Doc. No. 5) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's demand for punitive and emotional distress damages with regard to Count III of her First Amended Complaint be stricken.

Dated this  19th  day of September, 2006.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE